IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE PERFANOV, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| PENNSYLVANIA STATE POLICE, et al., | : | |
| | : | |
| Defendants | : | No. 25-4772 |

**DEFENDANT PENNSYLVANIA STATE POLICE'S
<u>MOTION TO DISMISS</u>**

Defendant Pennsylvania State Police ("PSP") moves the Court, pursuant to Federal Rules

of Civil Procedure 12(b)(1) and (6), to dismiss Plaintiff Michelle Perfanov's claims against it for

lack of jurisdiction and failure to state a claim upon which relief may be granted. These claims

should be dismissed for the following reasons:

1.  Plaintiff's § 1983 claims cannot proceed because PSP is not a "person" for

    purposes of a damages claim brought under that statute.

2.  The Eleventh Amendment precludes jurisdiction over Plaintiff's § 1983 claims

    against PSP.

3.  There is no private cause of action for monetary damages based on a violation of

    the Pennsylvania Constitution.


This motion is supported by the attached memorandum of law.

WHEREFORE, Defendant PSP (identified as Pennsylvania State Law Enforcement) prays for an order dismissing Plaintiff's claims against it with prejudice.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By:      s/ Kevin Bradford
_____

Kevin R. Bradford
Senior Deputy Attorney General
Attorney-in-Charge, Eastern Regional Office
Attorney I.D. No. 88576

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (267) 374-5450
Fax:    (717) 772-4526
kbradford@attorneygeneral.gov

Nicole R. DiTomo
Chief Deputy Attorney General
Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE PERFANOV, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| PENNSYLVANIA STATE POLICE, et al., | : | |
| | : | |
| Defendants | : | No. 25-4772 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
PENNSYLVANIA STATE POLICE'S
<u>MOTION TO DISMISS</u>**

## I.      INTRODUCTION

Plaintiff Michelle Perfanov brings this civil rights action based upon the actions of Ronald Davis after she ended their romantic relationship. Plaintiff's 64-page, 292-paragraph Complaint names 11 defendants and consists of 14 Counts, most of which are brought under 42 U.S.C. § 1983. Among the defendants named is the Pennsylvania State Police (PSP), Davis's employer. With respect to PSP, Plaintiff asserts damages claims based on various § 1983 claims, as well as a claim under the Pennsylvania Constitution. As a matter of law none of these claims can proceed against PSP, which therefore moves to be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b).

## II.     RELEVANT FACTUAL ALLEGATIONS

The factual allegations in the Complaint material to this motion are as follows:

In early 2023 Plaintiff and Ronald Davis met through their shared interest in "off-the-grid" self-sustainable living. Compl. ¶ 16. Davis' occupation was, and, as of this writing, remains Trooper for the PSP.[1] Id. ¶ 3. The relationship soon evolved into a romantic one and they apparently began living together. Id. ¶ 18, 34. By August 2023, Plaintiff had learned that Davis was legally married to someone else and decided to end the romantic aspect of their relationship, so long as Davis remained married. Id. ¶ 28-30. When Plaintiff informed Davis of her decision on August 20, 2023, he responded with "an angry, aggressive, and violent outburst." Id. ¶ 30-32.  Plaintiff gathered some personal belongings and departed their shared residence. Id. ¶ 34.

On the following morning, Plaintiff sought to gather her remaining personal belongings. Id. ¶ 37. Davis denied Plaintiff access to the residence and began sending her belittling and threatening text messages and e-mails. Id. ¶ 38.

At some point Davis communicated with a PSP supervisor and falsely claimed that Plaintiff had threatened suicide, was intellectually disabled, and was instable. Id. ¶ 44. PSP Troopers were dispatched to Plaintiff's listed address to conduct a wellness check. Id. ¶ 47. Plaintiff was not present at the location. Id. ¶ 48.

After Davis's request that PSP take additional action were rejected, Davis contacted the Dauphin County Crises Intervention Program (DCCI). Id. ¶ 51. Based on information Davis provided, a caseworker completed a Section 302 commitment[2] application

---

[1] The Commonwealth is not representing Davis in this action. Undersigned counsel is unaware of whether Davis has secured counsel.

[2] "In Pennsylvania, an individual may be subjected involuntarily to a temporary emergency commitment for up to 120 hours under Section 302 of the Pennsylvania Mental Health Procedures Act if 'the person is severely mentally disabled and in need of immediate treatment.' This is known as a Section 302 commitment." Doe I v. Evanchick, 355 F. Supp. 3d 197, 202

which sought the involuntary temporary commitment of Plaintiff. Id. ¶¶ 52-57.  A Mental Health Delegate reviewed the application and issued a warrant authorizing the transport of Plaintiff to any local emergency department, and, if required, to any appropriate psychiatric facility. Id. ¶ 57

DCCI staff faxed the warrant to the PSP's Lykens Barracks. Id. ¶ 58. Davis, who was off duty and apparently aware that was where the warrant was being faxed, went to the Barracks, took the 302 paperwork from the fax machine, and left. Id. ¶ 59. Before leaving Davis "announced" he would start looking for Plaintiff. Id. ¶ 62.

Thereafter Davis met up with an acquittance and drove to a location in a state park where Davis anticipated Plaintiff would be. Id. ¶¶ 64-67. When they located Plaintiff, Davis exited the vehicle and told Plaintiff that "you're coming with me." Id. ¶ 68. Davis then grabbed Plaintiff, carried her some distance, slammed her against a vehicle, placed her in a chokehold, slammed her to the ground, and got on top of her. Id. ¶¶ 69-79 After Davis made a phone call, several PSP Troopers arrived at the scene. Id. ¶¶ 80-81. One of these Troopers handcuffed and searched Plaintiff; in the process of doing so, he slammed her head against a patrol car several times. Id. ¶ 82.

Plaintiff was then transported by PSP Troopers to Lehigh Valley Hospital-Schuylkill, where she was presented as a 302 commitment. Id. ¶¶ 99-102 Even though the 302 paperwork the hospital possessed was incomplete or otherwise defective, the hospital held Plaintiff against her will for two days. Id. ¶¶ 105-128.

---

(E.D. Pa. 2019), *aff'd sub nom.* Doe I v. Governor of Pennsylvania, 977 F.3d 270 (3d Cir. 2020) (quoting 50 Pa. Stat. § 7302).

Plaintiff's acquaintance who had driven Davis to the park videorecorded some of Davis's assault of Plaintiff at the park. Id. ¶¶ 76-77. That video footage, along with a description of Plaintiff's involuntary commitment, was widely disseminated in television and internet media. Id. ¶ 133.

On August 19, 2025, Plaintiff initiated this lawsuit by filing the Complaint. ECF No. 1. The Complaint asserts four varieties of § 1983 claims against PSP. Counts I, II, V, X. The only other claim against PSP is an alleged violation of Plaintiff's right to reputation, as guaranteed by the Constitution of Pennsylvania. Count VIII.

## III.    ARGUMENT

### A.  Applicable standards

#### 1.    *Rule 12(b)(1) – Lack of Subject Matter Jurisdiction*

An attack on the subject matter jurisdiction of a matter may be raised at the earliest stage of litigation. Fed.R.Civ.P. 12(h)(3). When a Fed.R.Civ.P. 12(b)(1) motion attacks subject matter jurisdiction prior to the filing of an answer, this is a facial attack. Nelson v. Commonwealth Department of Public Welfare, 244 F.Supp.382, 386 (E.D.Pa. 2002). In this situation the trial court shall accept the complaint's allegations as true. *See* Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002). However, there are no favorable inferences to be drawn in favor of the plaintiff, Halstead v. Motorcycle Safety Foundation, Inc., 71 F.Supp.2d 464, 468 (E.D.Pa. 1999), and the plaintiff bears the burden of persuasion that jurisdiction exists. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005). If it appears that the complaint fails to assert a colorable claim of subject matter jurisdiction, the complaint may be dismissed.  Halstead, 71 F.Supp.2d at 468.

- 4 -

### 2.    *Rule 12(b)(6) – Failure to State a Claim*

Under Rule 12(b)(6), "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. *See also* Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir.2010). Although the plausibility standard "does not impose a probability requirement," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), it does require a pleading to show "more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." Id. The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. *See also* Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. *See* Connelly v. Lane Const. Corp., No. 14-3792, 2016 WL 106159, at *3-4 (3d Cir. Jan. 11, 2016). A complaint must "show" such an entitlement with its facts. Iqbal, 556 U.S.

at 678-79. *See* <u>Connelly</u>, 2016 WL 106159, at \*3-4; <u>Santiago v. Warminster Twp.</u>, 629 F. 3d 121, 130 (3d Cir. 2010); <u>Phillips v. County of Allegheny</u>, 515 F. 3d 224, 234-235 (3d Cir. 2008).

### B.  42 U.S.C. § 1983 claims cannot be brought against state agencies

It is well-established that § 1983 does not provide for damages claims against state agencies because they are not within the definition of "person" for purposes of that statute.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 64, 70-71 (1989).  PSP is unquestionably state agency and therefore cannot be sued under § 1983.  *See* <u>Masi v. Pennsylvania State Police</u>, No. 18- 01274, 2019 WL 6003339, at \*1 (M.D. Pa. Oct. 9, 2019), *report and recommendation adopted*, 2019 WL 6033366 (Nov. 13, 2019) (*citing* <u>Will</u>; <u>Mitchell v. Miller</u>, 884 F. Supp. 2d 334, 355 n.6 (W.D. Pa. 2012)).

Plaintiff's § 1983 claims against PSP should therefore be dismissed.

### C.  Eleventh Amendment precludes this Court from exercising jurisdiction over § 1983 claims against PSP

The Eleventh Amendment also poses a barrier to Plaintiff's § 1983 claims against PSP. The Eleventh Amendment immunizes states and their agencies from suit in the federal courts. <u>Idaho v. Coeur d'Alene Tribe of Idaho</u>, 521 U.S. 261 (1997); <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89 (1984).  Eleventh Amendment immunity can be overcome only when a state consents to being sued or Congress specifically abrogates this immunity pursuant to a valid exercise of power.  <u>Kimel v. Florida Bd. of Regents</u>, 528 U.S. 62, 72-73 (2000).

Neither exception applies here.  The Commonwealth of Pennsylvania has explicitly withheld its consent to suit in federal court.  42 Pa.C.S. § 8521(b).  "Since Congress expressed no intention of disturbing the states' sovereign immunity in enacting § 1983, these suits, when brought against a state, are barred by the Eleventh Amendment."  <u>Blanciak v. Allegheny Ludlum</u>

Corp., 77 F.3d 690, 697 (3d Cir. 1996) (*citing* Will, 491 U.S. 58; Quern v. Jordan, 440 U.S. 332, 339-46 (1979)).

Accordingly, this court lacks subject matter over Plaintiff's § 1983 claims against PSP.

### D. There is no private cause of action for monetary damages based on a violation of the Pennsylvania Constitution

In Count VIII Plaintiff asserts that all of the defendants have violated her right under Article 1, Section 1 of the Pennsylvania Constitution to the protection of her personal and professional reputation. Complaint ¶¶ 233-234. Plaintiff seeks monetary compensation as a result of this alleged violation. Id. p. 48 This claim cannot proceed against PSP (or any other defendant) because "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." Miles v. Zech, 788 F. App'x 164, 167 (3d Cir. 2019) (per curiam). *See also* Plouffe v. Cevallos, 777 F. App'x 594, 601 (3d Cir. 2019); Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist., 442 F. App'x 681, 687 (3d Cir. 2011); Williford v. Pennsylvania, No. 25-4608, 2025 WL 2936896, at *1 n. 6 (E.D. Pa. Oct. 14, 2025).

Plaintiff's Pennsylvania Constitution-based claim against PSP therefore cannot proceed.

## IV.    CONCLUSION

Based on the foregoing, all of the claims against Defendant PSP should be dismissed with prejudice.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By:    s/ Kevin Bradford
_____

Kevin R. Bradford
Senior Deputy Attorney General
Attorney-in-Charge, Eastern Regional Office
Attorney I.D. No. 88576

Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (267) 374-5450
Fax:    (717) 772-4526
kbradford@attorneygeneral.gov

Nicole R. DiTomo
Chief Deputy Attorney General
Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE PERFANOV, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| PENNSYLVANIA STATE POLICE, et al., | : | |
| | : | |
| Defendants | : | No. 25-4772 |

## CERTIFICATE OF SERVICE

I, Kevin R. Bradford, hereby certify that Defendant PSP's Motion to Dismiss has been filed electronically on December 5, 2025 and is available for viewing and downloading from the Court's Electronic Case Filing System ("ECF"). The following parties are listed as ECF Filing Users and are therefore automatically served by electronic means:

- **Donald L. Carmelite**
  dlcarmelite@mdwcg.com,smmalesic@mdwcg.com,ljwallace@mdwcg.com
- **SARAH HART**
  scharette@grossmcginley.com,tbolzau@grossmcginley.com,afigueroa@grossmcginley.com
- **Jessica L. Harlow**
  jharlow@grossmcginley.com,tbolzau@grossmcginley.com
- **Veronica Hogan**
  vhogan@grossmcginley.com,asnyder@grossmcginley.com
- **Coryn D. Hubbert**
  cdhubbert@mdwcg.com,SMMalesic@MDWCG.com,ljwallace@mdwcg.com
- **MARY KATHLEEN MCGRATH**
  mmcgrath@postandpost.com,trooney@postandpost.com,chouse@postandpost.com
- **MATTHEW MICHAEL SETLEY**
  msetley@bitlerlaw.com

By:     s/ Kevin Bradford

Kevin R. Bradford
Senior Deputy Attorney General